## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-3092-NYW

CARLOS CUESTA,

     Plaintiff,

v.

DTC LODGING LLC D/B/A DAYS INN
BY WYNDHAM ENGLEWOOD DENVER
TECH CENTER

     Defendant.

---

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant DTC Lodging LLC ("Defendant") has filed an Answer *admitting* all of the material allegations in the Plaintiff's Complaint. Thus—in an admittedly unusual procedural move—Defendant moves for Judgment on the Pleadings *against itself* pursuant to Rule 12(c), Fed. R. Civ. P., so that this case will be over and both parties will not continue to incur unnecessary attorneys' fees and costs.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant moves for judgment on the pleadings against itself so that this case will be over and both parties will stop (unnecessarily) incurring attorney's fees. The Court can then decide how much, if anything, opposing counsel should be awarded for his fees and costs in bringing this copy-and-paste lawsuit. Plaintiff Carlos Cuesta, a serial ADA litigant

from Florida, filed this lawsuit seeking injunctive relief and his reasonable attorneys' fees and costs. Almost immediately after the lawsuit was filed, Defendant filed a Rule 68 Offer of Judgment which, if accepted, would have granted Plaintiff injunctive relief against Defendant—on the same scope Plaintiff requested in his Complaint. The Offer of Judgment also granted Plaintiff the right to petition the Court for his reasonable attorneys' fees and costs.  In other words, the Offer of Judgment would have given Plaintiff everything he requested in his Complaint. Nevertheless, Plaintiff rejected the Offer of Judgment, (apparently) preferring to continue to litigate this case and force undersigned counsel to incur additional fees and costs.

In light of Plaintiff's rejection of the Offer of Judgment, Defendant realized that the only way this lawsuit would be resolved on the merits is if it admitted all the material allegations in the Complaint and then moved for judgment on the pleadings against itself.

The only reasonable explanation for Plaintiff and his counsel to not accept the Offer of Judgment because they want to avoid having this Court scrutinize and ultimately determine the reasonableness of their fees and costs. Despite filing a lawsuit under the guise of seeking injunctive relief, Plaintiff and his counsel appear to only want quick settlements, not judgments.  Defendant, on the other hand, is willing to remedy any (readily achievable) ADA violation at its property—which is what Plaintiff requested in his Complaint—and thus welcomes injunctive relief and the Court's accompanying analysis regarding the reasonableness of Plaintiff's attorneys' fees.

## II.    BACKGROUND

Plaintiff filed this lawsuit alleging that Defendant—a minority owned Days Inn

franchisee in Englewood, Colorado—violated his civil rights by failing to provide a mobility accessible property. [See Complaint, ¶ 22].

Plaintiff filed its lawsuit on November 18, 2021. On December 7, 2021, undersigned counsel sent a Rule 68 Offer of Judgment to opposing counsel which provided as follows:

> Pursuant to Rule 68(a), Fed. R. Civ. P., Colorado Hospitality Group, LLC ("Defendant"), hereby offers to allow judgment to be entered against it, as follows:
>
> • Defendant shall (within 120 days) identify mobility accessibility features at its hotel property that do not comply with the 2010 Standards of Accessibility Design and shall, within 12 months, remove those barriers to the extent that such removal is readily achievable.
>
> The Offer is exclusive of reasonable attorneys' fees, costs and expenses, and statutory fines/penalties to which Plaintiffs may apply to the Court for under federal and Colorado law, but to which Defendant reserves the right to contest the reasonableness of.
>
> This offer shall remain effective for fourteen (14) days after it is served. If this offer is not accepted in writing within the effective time period, it shall be deemed withdrawn and no evidence of this Offer shall be admissible except in a proceeding to determine costs, fees, and/or sanctions as otherwise allowed pursuant to Rule 68.
>
> You are hereby put on notice that if this offer is rejected, and a judgment is subsequently obtained that is equal to or more favorable to Defendant than this offer, Plaintiffs will be required to pay Defendant's costs incurred after

8015651v1(70852.1)

the offer was made.

See **Exhibit A** attached hereto.

Plaintiff did not accept the Offer of Judgment, allowing the 14-day window to lapse.

On December 20, 2021, Defendant filed its Answer [Doc. 8], *admitting* that all of Plaintiff's material factual allegations were true and *admitting* the Plaintiff's prayer in their Complaint for the Court to enter injunctive relief against the Defendant. In other words, both parties are requesting the Court to enter injunctive relief against Defendant and then permit Plaintiff to apply for his reasonable attorneys' fees and costs, which the Court has discretion to grant, deny, or modify.

### III.   LEGAL ARGUMENT

#### A.   There are no disputed material facts in the record.

Judgment on the pleadings is appropriate when the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. *Concaten, Inc. v. Ameritrak Fleet Solutions, LLC*, 131 F.Supp.3d 1166, 1171 (D. Colorado, 2015).

In his Complaint, Plaintiff alleges (and Defendant admits) the following key facts that are at the crux of this case:

- Defendant owns and operates a place of public accommodation that is subject to the ADA (¶¶ 5-6)

- Plaintiff is an individual with disabilities and has Article III standing to bring this ADA lawsuit. (¶¶ 11-15)

- Plaintiffs encountered barriers to accessibility at Defendant's property that

4

caused him to suffer an injury-in-fact (¶¶ 15-22)

- Plaintiffs are entitled to injunctive relief (¶29).

Defendant's Answer *admits* each of the above allegations. Accordingly, the facts admitted clearly entitle a judgment on the pleadings against Defendant in a form consistent with the attached proposed Order.

RESPECTFULLY SUBMITTED this 22nd day of December, 2021.

JENNINGS, STROUSS & SALMON, P.L.C.

By  *s/ Lindsay G. Leavitt*
Lindsay G. Leavitt
Jennings, Strouss & Salmon, PLC
One East Washington Street, Ste. 1900
Phoenix, AZ 85004
Telephone: (602) 262-5825
E-mail: lleavitt@jsslaw.com
*Attorney for Defendant*
*DTC Lodging LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2021 **I** electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

ajperez@lawgmp.com

dpereza@lawgmp.com

  /s/  Lindsay G. Leavitt