IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.: 1:21-cv-03092-NYW

CARLOS CUESTA,

      Plaintiffs,

v.

DTC LODGING LLC d/b/a DAYS INN
BY WYNDHAM ENGLEWOOD
DENVER TECH CENTER,

      Defendants.

---

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Plaintiff, CARLOS CUESTA, by and through undersigned counsel, hereby files this Response and Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings and in support [D.E. 10] and in support states as follows:

**INTRODUCTION**

Defendant filed a motion for judgment on the pleadings, ostensibly to have the case end and for the Parties to stop incurring attorney's fees. Defendant served and filed an Offer of Judgment ("the Offer"), and Plaintiff responded to the offer indicating his position that the offer was defective, detailing why it was defective and inviting Defendant to engage in additional discussions to globally resolve the case. A copy of the Response is attached hereto as **Exhibit A**. In the response to the offer of judgment, the Plaintiff more specifically elaborated that the Offer failed to concretely identify any remediation plan and contains conditional language (it specifically states that the Defendant will "remove those barriers to the extent that such removal is readily achievable"). Furthermore, the Offer fails to adequately address the issue of attorney's fees. An

offer of judgement that does not provide for fees is invalid and an offeror cannot choose which accrued costs it is willing to pay. *Scheriff v. Beck*, 452 F.Supp. 1254, 1256 (D. Colo. 1978). (See Exhibit "A").

While Defendant claims that the offer judgment gives Plaintiff "everything he requested in his Complaint." That is simply incorrect. Defendant's "offer" comes with a very important caveat: *it will only complete the remediations it alone deems to be readily achievable.* (*Emphasis added*, see attached Defendant's Offer of Judgment attached hereto as Exhibit "B") However, Defendant provides no expert report detailing which barriers it has determined are not readily achievable, nor does Defendant identify which barriers it currently believes are not readily achievable.  It is completely silent and otherwise fails to list or otherwise define which remediation it considers to be readily achievable.  Plaintiff's Complaint identifies a list of the specific barriers that Plaintiff encountered at the Property, yet Defendant does not and seemingly cannot identify which of those barriers it is claiming are not readily achievable, nor does it provide a remediation plan. Also of note is the Defendant's assertion in its Answer that the Plaintiff is not entitled to an inspection of the premises.  A cursory review of Fed.R.Civ.P. 34 indicates otherwise, so the Defendant prior to the discovery period is signaling a deviation from very basic discovery in an ADA case.  (See Fed.R.Civ.P.  34).  While Plaintiff welcomes the prospect of a global resolution among the parties, that global resolution must be complete and substantively address the issues raised in Plaintiff's Complaint and not simply dispense with the case and take care of Plaintiff's attorneys' fees. Because the readily achievable standard is fact intensive and must be applied on a case-by-case analysis, Defendant's Motion is defective as it fails to meet its burden by neglecting to address what it proposes to be readily achievable. Furthermore, the Plaintiff responded to the Offer indicating as much and the Defendant chose to simply ignore the letter and filed its Answer

and Motion without disclosing communications to the Court. In addition to and because of this willful omission the Defendant has now forced additional work upon Plaintiff's counsel and the Court, as well as attorney's fees to be incurred[1].

## MEMORANDUM OF LAW

I. Standard of Motion for Judgment on the Pleadings

A motion for judgment on the pleadings is subject to a similar standard as a motion for summary judgment. *Benzor v. Geico Cas. Co.*, 21-CV-00282-PAB-NRN, 2021 WL 4439789, at *2 (D. Colo. Sept. 27, 2021). With a motion for judgment on the pleadings, the movant bears the burden to clearly establish that no material issue of fact remains unresolved. *Id.*

II. Defendant's Motion Fails to Meet the Burden for the Court to Grand Judgment on the Pleadings Because There are Issues of Material Fact that Must be Resolved.

While Defendant claims that it has admitted all the material facts, the record stands in stark contrast to this claim. As Defendant's own motion [D.E. 10] and his Answer [D.E. 8] admits, Defendant has not agreed to remediate all the barriers identified in the Complaint. Defendant has only agreed to remediate the, as of yet unidentified, barriers that it and it alone decides are readily achievable.

Defendant is simply attempting to force Plaintiff into a settlement where at the time of the "resolution" Plaintiff does not know which barriers will be remediated. If taken to its logical conclusion, Defendant could determine that none of the barriers' removal is readily achievable and deny the injunctive relief the Plaintiff requested and is entitled to, as to the barriers the Defendant has admitted exist in its Answer. Defendant's motion is simply an attempt by Defendant to avoid meeting its burden as to what barriers are not readily achievable, while denying the Plaintiff

---

[1] Plaintiff spoke to Defendant's counsel yesterday and asked him to reconsider and withdraw its Motion in light of the response sent and the ambiguous nature of its offer. He refused to do so and stated as much verbally and in an e-mail that can be provided to the Court.

discovery and due process in regards to the ADA violations the Defendant has admitted exist in its Answer [D.E. 8]. When a Defendant is alleging that a barrier is not readily achievable, it is the defendant that bears the burden of persuasion. *Colorado Cross Disability Coal. v. Hermanson Family Ltd. P'ship I*, 264 F.3d 999, 1006 (10th Cir. 2001).

> The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9). The ADA further sets out several factors to be considered in determining whether removal of architectural barriers is readily achievable: (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity with respect to the number of its employees; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity; and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

*Id.*

Therefore, the determination of whether a barrier is readily achievable is one where "an inquiry must be based on a case by case basis under the particular circumstances and factors listed in the definition of readily achievable." *Colorado Cross Disability Coal. v. Hermanson Family Ltd. P'ship I*, 264 F.3d 999, 1009 (10th Cir. 2001).

In fact, the determination of whether a barrier is readily achievable is a fact intensive inquiry and one which the Court cannot make based on the information before it because Defendant has failed to identify which barriers it contends would not meet the readily achievable standard and the basis for any such determination.

Therefore, it is clear that Defendant's motion for judgment on the pleadings fails on its face because it cannot actually claim that all material factual issues have been resolved.

    III.    <u>Defendant's Motion Fails to Address all the Issues Raised in Plaintiff's Complaint</u>

4

Defendant's motion also fails to address all the issues in Plaintiff's complaint, as discussed *supra*. While Defendant alleges that it wishes to terminate the case and avoid attorney's fees, it failed to confer with Plaintiff after Plaintiff's letter inviting further discussion and instead proceeded to file a motion for judgment on the pleadings, necessitating the instant response. While Defendant has admitted that there are barriers on the property that is not enough to give Plaintiff the injunctive relief he seeks in this Action. Admitting that there are issues at the property is only the first step of the inquiry, as Plaintiff's seeks more than merely declaratory relief.

There is no indication in either the Offer or the motion for judgment on the pleadings as to *which* remediation Defendant actually intends to undertake. Plaintiff is seeking injunctive relief and part of that relief is to ensure that Defendant's property is compliant with the ADA and usable by persons by disabilities, like Plaintiff.  As discussed *supra* the caveat that Defendant includes in its motion and offer is quite a vague one and one that is subject to a fact intensive inquiry that will be different for each property, and each barrier. The Plaintiff is entitled to discovery as to these issues, to include Rule 34 Inspection.  Plaintiff would like to conduct an inspection pursuant to Rule 34 which would allow Plaintiff to more meaningfully confer with Defendant on the barriers at issue, and perhaps globally resolve this case without the need for protracted litigation. However, the fact remains that Defendant's motion only seeks to grant Plaintiff declarative relief.

Defendant's vague agreement to remediate unidentified barriers is not sufficient to resolve this case. "A defendant's assertion that it has no intention of reinstating the challenged practice "does not suffice to make a case moot" and is but "one of the factors to be considered in determining the appropriateness of granting an injunction against the now-discontinued acts." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007).  The 11th Circuit has previously stated: "[defendant's] assurance to an unrelated third party to remediate its website

does not alone moot Haynes' claims for relief. First, the Court notes that while Hooters may be in the process of updating the accessibility of its website, there is nothing in the record demonstrating that Hooters has successfully done so. In the *Hooters* case, the defendant had agreed to remediate its defective website, however the agreement there was with a different plaintiff. The 11th Circuit held that even in that case, as long as the barriers to access remained on the property, the case was not moot. *Id.* Accordingly, it cannot be said that the issues are no longer "live" or that the parties lack a legally cognizable interest in the outcome." *Haynes v. Hooters of Am., LLC*, 893 F.3d 781, 784 (11th Cir. 2018). Here, as in *Hooters*, Defendant is simply alleging that it will remediate at some future time as yet unidentified barriers and the Eleventh Circuit held that such intensions were insufficient under the ADA.

Accordingly, Defendant's motion is also defective in that it fails to address all the issues in Plaintiff's Complaint and is at best a motion for partial judgement on the pleadings as to Plaintiff's request for declarative relief.

## CONCLUSION

WHEREFORE, this Court should deny Defendant's motion for judgment on the pleadings, as it fails to address all material issues of fact and fails to completely address all the issues raised in Plaintiff's Complaint.

DATED: January 12, 2022

                    Respectfully Submitted,

                    **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO  80202
Telephone: (303) 386-7208
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mail:bvirues@lawgmp.com;

6

ddun@lawgmp.com

By: ___/s/ Anthony J. Perez_____
      ANTHONY J. PEREZ

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record on January 12th, 2022.

**GARCIA-MENOCAL & PEREZ, P.L.**
1600 Broadway, Suite 1600
Denver, CO  80202
Telephone: (303) 386-7208
Primary E-Mail:  ajperez@lawgmp.com
By: ___/s/ Anthony J. Perez_____
      ANTHONY J. PEREZ