**Law Offices of Garcia-Menocal & Perez, P.L.**

4937 SW 74th Court, Unit #3, Miami, Florida 33155
Office: 305-553-3464, Facsimile: 305-553-3031

Alfredo Garcia-Menocal, Esq.*+
Anthony J. Perez, Esq.*+
Beverly Virues, Esq.*+
* Admitted to Practice in Florida and
Southern/Middle District of Florida
& 11th Circuit Court of Appeals
+Admitted to the Colorado US District Court

December 20, 2021

**Via E-Mail**
Lindsay G. Leavitt
Jennings, Strouss & Salmon, PLC
One East Washington Street, Ste. 1900
Phoenix, AZ 85004

Dear Mr. Leavitt:

This is in response to DTC LODGING LLC D/B/A DAYS INN BY WYNDHAM ENGLEWOOD DENVER TECH CENTER's ("DTC" or "Defendant") Offer of Judgment served on December 7, 2021 ("the Offer").

It is Plaintiff's position that the Offer submitted is vague and fatally defective. The Offer fails to concretely identify any remediation plan and contains conditional language ("remove those barriers to the extent that such removal is readily achievable"). Furthermore, the Offer fails to adequately address the issue of attorney's fees. An offer of judgement that does not provide for fees is invalid and an offeror cannot choose which accrued costs it is wiling to pay. *Scheriff v. Beck*, 452 F.Supp. 1254, 1256 (D. Colo. 1978).

Moreover, there is considerable ambiguity over the terms of the Offer, which prevents Plaintiff from being able to consider the terms. DTC's Offer does not specify the criteria DTC will use to determine whether the removal of a barrier is readily achievable. The term "readily achievable" is requires a fact intensive evaluation of each barrier and is a subjective standard. There can be no meeting of the minds as to the remediation plan, as none has been offered, only a vague assurance that DTC will identify barriers in the future and then condition the remediation on DTC's interpretation of the readily achievable standard.

Beyond those issues, it is Plaintiff's position that an offer of judgment is improper when Plaintiff is seeking only injunctive relief and attorney's fees as is the case here. As Plaintiff is not seeking monetary damages, which is clearly what Rule 68 envisions, it is unclear how to determine whether a judgment obtained by Plaintiff would be "better" than Defendant's Offer. This is particularly the case where DTC's offer is conditioned on undefined issues of "readily achievable."

Given the vague terms, lack of details, and failure to provide for attorney's fees Plaintiff concludes that DTC's Offer is fatally flawed and accordingly cannot accept the Offer. However, Plaintiff is

**Law Offices of Garcia-Menocal & Perez, P.L.**
4937 SW 74th Court, Unit #3, Miami, Florida 33155
Office: 305-553-3464, Facsimile: 305-553-3031

ready and willing to engage in good faith settlement discussions with DTC to formulate a remediation plan that addresses the barriers encountered by Plaintiff, gives a definitive plan to remediate the barriers, and provides for reasonable attorney's fees and costs. Plaintiff invites DTC to discuss possible global resolution of this case to include the injunctive relief sought by Plaintiff. If you would like to discuss this further, please contact our offices.

Sincerely,

Anthony J. Perez
For the Firm