IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-3092-NYW

CARLOS CUESTA,

     Plaintiff,

v.

DTC LODGING LLC D/B/A DAYS INN
BY WYNDHAM ENGLEWOOD DENVER
TECH CENTER

     Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff is like the dog that caught the car. He filed a Complaint requesting "[i]njunctive relief against the Defendant including an order to make all readily achievable alterations to the facility…" [Complaint, p. 11] but then opposes Defendant's efforts to give him the very injunctive relief he requests in his Complaint. This puzzling role reversal—including Defendant being forced to file a Motion for Judgment on the Pleadings against *itself* to prevent both sides from needlessly incurring fees and costs—demonstrates the absurdity of modern-day ADA accessibility litigation. Serial ADA plaintiffs and their attorneys want private settlements and quick payouts, not injunctive relief and judicial scrutiny of their fees.

8063179v1(70852.1)

## I. The Court has discretion to craft the scope and language of the injunctive relief.

Defendant has admitted every allegation in Plaintiffs' Complaint and agrees that injunctive relief should be entered. There is nothing left to litigate. It appears that Plaintiff's main contention is with the language of Defendant's proposed Order, which was literally copied-and-pasted from the Plaintiffs' request for relief in his Complaint. Plaintiff now takes the position that his own request for relief—which requested "an order to make all readily achievable alterations to the facility"—is too ambiguous. Again, the dog that caught the car.

Plaintiff alleges that an injunction cannot be entered until there is discovery as to whether the ADA violations at the property are "readily achievable." This makes no sense. A quick summary of relevant federal law will explain why. Title III requires places of public accommodation to "remove architectural barriers…where such removal is readily achievable." 42 U.S.C. § 12182(a); § 12182(b)(2)(A)(iv). "Readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). A plaintiff generally bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable. *Colo. Cross Disability Coalition v. Hermanson Family LP I*, 264 F.3d 999, 1005-06 (10th Cir. 2001). If a plaintiff satisfies this burden, a defendant then has the opportunity to rebut that showing. *Id.* 42 U.S.C. § 12188 provides that, in the event 42 U.S.C. § 12182(b)(2)(A)(iv) is violated, "injunctive relief shall include an order to alter facilities to make such facilities readily

accessible to and usable by individuals with disabilities to the extent required by this subchapter."

Plaintiff did not allege in his Complaint whether he believed removing the barriers to accessibility at the property was readily achievable, and Defendant did not raise "readily achievable" as an Affirmative Defense in its Answer.  Accordingly, there is no disputed fact in the record to prevent this Court from entering a judgment on the pleadings.

Since both parties agree that injunctive relief is appropriate—and the only issue is the language of the injunction—it is within the Court's discretion to mold the language and scope of the injunction to the necessities of a particular case. *Rondeau v. Mosinee Paper Corp.,* 95 S.Ct. 2069, 422 U.S. 49 (1975).

Plaintiffs' Complaint requested the following declaratory and injunctive relief in its Complaint:

- The Court issue a Declaratory Judgment determining that the Defendant is in violation of Title III of the ADA

- Injunctive relief against Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

[Complaint, p. 11].

Defendant's proposed Order mirrored the scope and language of Plaintiff's request for relief.  If Defendant had simply not filed an Answer and this case went to a default hearing,

3

an injunction would presumably have been entered using the exact language requested in the Complaint. This situation is no different.

## II. Conclusion

Defendant admits there are barriers to accessibility at its property that it plans to remove so that it is ADA-compliant. Defendant desires for injunctive relief to be entered against it and then for the Court to determine the reasonableness of Plaintiffs' attorneys' fees and costs. Plaintiff, on the other hand, wants the Court to *reject* the relief he specifically requested in their Complaint, forcing the parties to incur unnecessary fees and costs for which Plaintiff will then demand reimbursement from Defendant. The Court should grant Plaintiff's Motion.

RESPECTFULLY SUBMITTED this 27th day of January, 2022.

JENNINGS, STROUSS & SALMON, P.L.C.

By *s/ Lindsay G. Leavitt*
Lindsay G. Leavitt
Jennings, Strouss & Salmon, PLC
One East Washington Street, Ste. 1900
Phoenix, AZ 85004
Telephone: (602) 262-5825
E-mail: lleavitt@jsslaw.com
*Attorney for Defendant*
*DTC Lodging LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2022, **I** electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

ajperez@lawgmp.com

dpereza@lawgmp.com


       /s/  Lindsay G. Leavitt