IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03092-RM-NYW

CARLOS CUESTA,

    Plaintiff,

v.

DTC LODGING, INC., *d/b/a* DAYS INN BY WYNDHAM ENGLEWOOD DENVER TECH CENTER,

    Defendant.

## ORDER TO SHOW CAUSE

Magistrate Judge Nina Y. Wang

    This matter comes before the court pursuant to 28 U.S.C. § 636(b) and the Order Referring Case dated January 11, 2022. [Doc. 13]. In this action, Plaintiff Carlos Cuesta ("Plaintiff" or "Mr. Cuesta") alleges that Defendant DTC Lodging, Inc. d/b/a Days Inn by Wyndham Englewood Denver Tech Center ("Defendant" or "DTC") discriminated against Plaintiff by failing to accommodate him in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. *See* [Doc. 1].

    On November 18, 2021, the same day Mr. Cuesta filed the Complaint [Doc. 1], this court entered an Order setting the Scheduling Conference for February 1, 2022 at 9:30 a.m. and the deadline to file the Proposed Scheduling Order for January 25, 2022. [Doc. 4]. On December 7, 2021, Defendant's counsel entered his appearance in this action. [Doc. 5]. On January 25, 2022, the Parties filed a Proposed Scheduling Order, [Doc. 20], wherein they acknowledged that the Scheduling Conference was scheduled for February 1, 2022, [*id.* at 1]. However, Defendant failed to appear for the Scheduling Conference.

1

## ANALYSIS

Federal Rule of Civil Procedure 16(f)(1)(A) provides that "the court may issue any just orders . . . if a party or its attorney fails to appear at a scheduling or other pretrial conference." Rule 37(b)(2)(A), referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Goldsmith v. Darr*, No. 11-cv-01183-WJM-MJW, 2012 WL 1292506, at *2 (D. Colo. Mar. 23, 2012), *report and recommendation adopted*, 2012 WL 1279847 (D. Colo. Apr. 16, 2012). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." In addition, Local Rule of Practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

3

This case has been pending since November 18, 2021, *see* [Doc. 1], and Defendant had actual knowledge of the Scheduling Conference; counsel for the Parties jointly executed the Proposed Scheduling Order, with Mr. Leavitt appearing on behalf of Defendant. [Doc. 20]. Despite the fact that the time and contact information for the Scheduling Conference was clearly set out in the Order Setting Scheduling/Planning Conference [Doc. 4], no one appeared on behalf of Defendant. In addition, multiple attempts to contact counsel of record by telephone and electronic mail, were unsuccessful. Defendant's failure to appear impedes resolution of this matter and impairs the court's ability to fulfill its function. Moreover, there is as of yet no on-the-record explanation for Defendant's failure to appear. And despite Defendant's pending Motion for Judgment on the Pleadings [Doc. 10], Defendant did not seek, nor did the court grant, any leave to not appear.

Therefore, **IT IS ORDERED** that:

(1) Defendant and defense counsel of record are **ORDERED TO SHOW CAUSE** on or before **February 4, 2021** why they should not be subject to sanctions, including counsel individually, for failing to appear for the February 1, 2022 Scheduling Conference.

DATED: February 1, 2022                    BY THE COURT:

                                           _____
                                           Nina Y. Wang
                                           United States Magistrate Judge