# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-03092-RM-NYW

CARLOS CUESTA,

      Plaintiff,

v.

DTC LODGING LLC D/B/A DAYS INN
BY WYNDHAM ENGLEWOOD DENVER
TECH CENTER

      Defendant.

---

### *[SUPPLEMENTED PROPOSED]* ORDER RE: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

The Court having reviewed Defendant's Motion for Judgment on the Pleadings, the response, and reply, and good cause appearing,

IT IS ORDERED granting Defendant's Motion and entering Judgment against Defendant as follows:

- Defendant shall, by December 31, 2022, remove all of the barriers to accessibility identified in Paragraph 22 of Plaintiff's Complaint as follows. Plaintiff's allegations are in ***bold*** and ***italicized*** whereas Defendant's proposed alterations/modifications are underlined.

    ***A. Parking***

    **i.** ***Plaintiff was impeded from accessing Commercial Property where only 2 parking spaces are designated for disabled use, from a total of 70 spaces, violating Sections 4.1.2 and 4.6.1 of the ADAAG and***

8157529v1(70852.1)

*2010 ADAS Table 208.2 which results in needing to use further inaccessible spaces on numerous occasions.*

Defendant will add an additional accessible parking space to its parking lot, making sure that Defendant's property has at least three accessible spaces, including one van accessible space, as required by the ADAAG.

ii. *Accessible spaces lack clear and level aisles, they have slopes or cross slope of (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.*

Defendant will repave its accessible parking spaces and access aisles, insuring that they comply with Section 502.

iii. *Commercial Property has 0 van spaces where 1 are required preventing Plaintiff and other disabled patrons safe unloading from vans violating ADAAG Section 4.1.2 (5)(b) and Section 502 of the 2010 ADAS.*

Defendant will add a van accessible parking space that is ADA compliant.

    B. Entrance Access and Path of Travel

i. *There is no compliant route from transit, sidewalk, and parking areas for Plaintiff to access Commercial Property which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.*

Defendant will construct an accessible route on the Property from transit, sidewalk, and parking areas in compliance with Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii. *Accessible routes at the Commercial Property have changes in level of (>3/4") creating hazardous conditions for Plaintiff violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.*

Defendant will remove all barriers to accessibility and ensure that it's accessible routes are fully accessible and in compliance with ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

2

  iii. *Ramps at the Commercial Property lack compliant landings at top and bottom of each run (30" rise max) endangering Plaintiff and violating the ADAAG and ADAS Section 405.*

    Defendant will remove all barriers to accessibility at the top and bottom of its ramps and ensure that they comply with the ADAAG and ADAS Section 405.

  **C. Restrooms**

 i. *Plaintiff cannot access the restroom at the Commercial Property because the Restroom door has improper hardware, violating Section 4.13.9 of the ADAAG.*

  Defendant will remove improper hardware at its restroom and replace it with hardware that is compliance with Section 4.13.9 of the ADAAG.

 ii. *Sink knee clearance (27" min @ 8" deep) prevents Plaintiff from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.*

  Defendant will ensure that sink knee clearance in its restroom is compliant with Section 4.13.9 of the ADAAG.

 iii. *Plaintiff unable to use Mirror due to bottom-reflecting surface (40" AFF max), violating the ADAAG and 2010 ADAS.*

  Defendant will adjust the placement of the mirror so that it is ADA compliant.

 iv. *Grab bars do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Plaintiff.*

  Defendant will remove the grab bars that do not comply with the ADA and install ADA-compliant grab bars in the restroom.

 v. *Toilet flush valve not mounted on wide side, denying access to Plaintiff, violating the ADAAG and 2010 ADAS Sec. 604.*

  Defendant will remove the non-compliant flush valve and install a toilet flush valve that is ADA compliant.

      **D. Accessible Guestrooms and Suites**

*i.*     *Doors to enter, exit or use the accessible room lack requisite maneuvering clearance for users of mobility aids, impeding Plaintiff, in violation of ADAAG Sections 4.13.9 and 9.2.2(3) and 2010 ADAS Sec. 404.*

      <u>Defendant will remove all barriers to mobility accessibility and bring the doors into compliance with ADAAG Sections 4.13.9 and 9.2.2(3) and 2010 ADAS Sec. 404</u>.

*ii.*     *Security latch on door is > 48" AFF, beyond reach of wheelchair users or is not operable with one hand without grasping, pinching, or twisting, preventing use by Plaintiff, violating the ADAAG and 2010 ADAS.*

      <u>Defendant will remove the non-compliant security latch and replace it with an ADA-compliant security latch.</u>

*iii.*     *Maneuvering space at bed(s) (36" min) on sides or between two beds, prevents Plaintiff's transfer to either bed, violating the ADAAG and 2010 ADAS Section 1008.*

      <u>Defendant will adjust the non-compliant beds so that there is adequate space to maneuver and ensure that they are compliant with the ADA.</u>

*iv.*     *Drapery wands or controls on lamps or HVAC units are of inaccessible design or > 48" AFF, violating the ADAAG and 2010 ADAS Sections 308 and 309.*

      <u>Defendant will remove the non-compliant items and replace them with ADA compliant ones.</u>

*v.*     *Rods and shelves in closets or wall mounted units > 48" AFF or lack the clear floor space for Plaintiff to approach, violating the ADAAG and 2010 ADAS Section 308.*

      <u>Defendant will remove the non-compliant wall mounted units and replace them with ADA compliant wall mounted units</u>.

*vi.*     *Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF, preventing safe use to Plaintiff.*

4

    Defendant will remove the non-compliant side wall grab bar and replace it with an ADA compliant side wall grab bar.

vii. *Roll-in Shower lacks a securely fastened folding seat at 17"-19" AFF for Plaintiff to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.*

   Defendant will install a securely fastened folding in the shower that is ADA compliant.

viii. *Faucet controls and shower wand are not positioned on the wall along the side of the shower seat to be are operable from the folding shower seat or from the shower wheelchair.*

   Defendant will install ADA compliant faucet controls and a shower wand so that they are operable from the folding shower seat or from the shower wheelchair.

ix. *Horizontal grab bar not proper on wall alongside shower seat, wall opposite seat (not behind shower seat) for stabilization and aid in a shower wheelchair or transfer from a wheelchair to the folding shower seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.*

   Defendant will remove the non-compliant horizontal grab bar and replace it with an ADA compliant horizontal grab bar.

- The parties may apply to the Court for reimbursement of their reasonable attorneys' fees and costs.

DATED this ___ day of _____, 2022.

              _____
              MAGISTRATE JUDGE NINA Y. WANG