**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-03092-RM-NYW

CARLOS CUESTA,

      Plaintiff,

v.

DTC LODGING LLC, *d/b/a* DAYS INN BY WYNDHAM ENGLEWOOD DENVER TECH CENTER,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Defendant DTC Lodging LLC, *d/b/a* Days Inn by Wyndham Englewood Denver Tech Center Motion for Judgment on the Pleadings (or "Motion"), [Doc. 10, filed December 22, 2021].  The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated January 11, 2022, [Doc. 13], and the Memorandum dated the same day, [Doc. 15].  Upon review of the Motion, the docket, and the applicable case law, this court respectfully **RECOMMENDS** that the Motion for Judgment on the Pleadings be **GRANTED**.

## BACKGROUND

      This action was initiated on November 18, 2021, when Plaintiff Carlos Cuesta ("Plaintiff" or "Mr. Cuesta") filed a Complaint against Defendant DTC Lodging LLC, *d/b/a* Days Inn by Wyndham Englewood Denver Tech Center ("Days Inn" or the "hotel").  *See* [Doc. 1].  The following facts are drawn from the Complaint and taken as true for the purposes of the instant Motion.  Mr. Cuesta is a hemiplegic with partial paralysis on the left side of his body and is disabled

1

as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12181, *et seq*. *See* [*id.* at ¶ 11].

Mr. Cuesta has made regular visits to the Days Inn and last visited on September 8, 2021 as an overnight guest. [*Id.* at ¶ 13]. During his visit, Mr. Cuesta noticed that he "encountered multiple violations of the ADA that directly affected his ability to enjoy the property." [*Id.*]. Mr. Cuesta plans to return to the hotel "to avail himself of the goods and services offered to the public therein" and to monitor the hotel's ADA compliance. [*Id.*].

Mr. Cuesta brings a single claim for failure to accommodate in violation of the ADA. *See* [*id.* at ¶¶ 20–22]. He alleges that the hotel has discriminated against him by "denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the" hotel. [*Id.* at ¶ 21]. Mr. Cuesta then identifies the various ADA violations he claims to have encountered at the hotel, including those related to parking, entrance access and path of travel, restrooms, and accessible guestrooms and suites. [*Id.* at ¶ 22].[1] Mr. Cuesta also alleges that he "will continue to suffer" from "discrimination, injury and damage" if the architectural barriers are not removed. *See* [*id.* at ¶¶ 24, 26].

According to Plaintiff, federal regulations require the removal of all "existing architectural barriers to the physically disabled when such removal is readily achievable . . ." [*Id.* at ¶ 27]. Additionally, Plaintiff indicates that building elements must comply with various ADA standards identified in the Complaint. *See* [*id.* at ¶ 22].

Mr. Cuesta requests (1) a declaratory judgment that Defendant is in violation of the ADA; (2) an injunction against Defendant and an order that Defendant "make all readily achievable

---

[1] The Complaint lists twenty-three (23) alleged violations. *See* [Doc. 1 at ¶ 22]. However, three such violations are duplicates. *See* [*id.* at ¶¶ 22.B.i.–ii., 22.B.iv.–v., 22.D.vi.–vii.].

alterations to the facilities" or "make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA" and "make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities" so that "no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services"; and (3) attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205. [*Id.* at 11].

On December 7, 2021, Defendant served an Offer of Judgment (or "Offer") on Plaintiff pursuant to Federal Rule of Civil Procedure 68. *See* [Doc. 6; Doc. 10-1]. Therein, Defendant offered to allow that judgment be entered against it, as follows:

> Defendant shall (within 120 days) identify mobility accessibility features at its hotel property that do not comply with the 2010 Standards of Accessibility Design and shall, within twelve (12) months, remove those barriers to the extent that such removal is readily achievable.

[Doc. 10-1 at 2]. The Offer further provided that "[t]his offer is exclusive of reasonable attorneys' fees, costs, expenses, and statutory fines/penalties to which Plaintiff may apply to the Court for under federal and Colorado law, but to which Defendant reserves the right to contest the reasonable [sic] of." [*Id.*].

After Plaintiff rejected the Offer, Defendant filed its Answer on December 20, 2021. *See* [Doc. 8].[2] Defendant's Answer admits all of the material allegations in the Complaint, including

---

[2] Plaintiff rejected Defendant's Offer of Judgment via email on December 20, 2021, stating the Offer was "vague and fatally defective." *See* [Doc. 16-1 at 1]. Specifically, Plaintiff contended the Offer "fail[ed] to concretely identify any remediation plan and contain[ed] conditional language ('remove those barriers to the extent that such removal is readily available')" and "fail[ed] to adequately address the issue of attorney's fees." [*Id.*]. Plaintiff also argued there was "considerable ambiguity over the terms of the Offer" as it did not "specify the criteria DTC will use to determine whether the removal of a barrier is readily achievable" [*Id.*]. Plaintiff further

the specific ADA violations identified therein.  *See* [*id.* at ¶¶ 23–24, 27 (denying only that "Plaintiff's counsel needs to be present or play any role in overseeing the removal of barriers to accessibility at Defendant's property", and that Plaintiff is entitled to an inspection of the property)]; *see also* [Doc. 1 at ¶ 22].  Two days later, Defendant filed the instant Motion for Judgment on the Pleadings.  *See* [Doc. 10].  Plaintiff opposes the Motion.  *See* [Doc. 16].

    ***Motion for Judgment on the Pleadings.***    In the Motion, Defendant seeks judgment "*against itself* pursuant to Rule 12(c) . . . so that this case will be over and both parties will not continue to incur unnecessary attorneys' fees and costs."   [*Id.* at 1 (emphasis in original)]. Defendant also attaches a proposed order to the Motion, which includes a directive that Defendant

> make all achievable alterations to the facilities, including to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

[Doc. 10-2 at 1].  Mr. Cuesta filed his Response in Opposition to Defendant's Motion for Judgment on the Pleadings ("Response") on January 12, 2022.  *See* [Doc. 16].  In the Response, Plaintiff opposes the Motion on the basis that it is unclear "which barriers will be remediated" because "Defendant has only agreed to remediate the, as of yet unidentified, barriers that it and it alone decides are readily achievable."   [*Id.* at 3].  Plaintiff also insisted he was entitled to a Rule 34 inspection of the subject property, claiming such inspection "would allow [him] to more

---

asserted his "position that an offer of judgment is improper when Plaintiff is seeking only injunctive relief and attorney's fees"; and because he "is not seeking monetary damages, which is clearly what Rule 68 envisions, it is unclear how to determine whether a judgment obtained by Plaintiff would be 'better' than Defendant's Offer."  [*Id.*].  Nevertheless, Plaintiff stated he was

> ready and willing to engage in good faith settlement discussions with DTC to formulate a remediation plan that addresses the barriers encountered by Plaintiff, gives a definitive plan to remediate the barriers, and provides for reasonable attorney's fees and costs.

[*Id.* at 2].

meaningfully confer with Defendant on the barriers at issue, and perhaps globally resolve this case without the need for protracted litigation." [*Id.* at 5]. Defendant filed its Reply brief on January 7, 2022. *See* [Doc. 21].

On March 8, 2022, the court entered an Order acknowledging Defendant's admissions to the specific ADA violations in the Complaint and that Defendant is willing to consent to injunctive relief. *See* [Doc. 30]. However, the court advised the Parties that it "cannot craft appropriate injunctive relief without understanding the alterations to the facilities, including to make reasonable modifications in policies, practices or procedures proposed by Plaintiff and Defendant, respectively." [*Id.*]. Accordingly, the court ordered (1) Defendant to supplement "its proposed Order on the Motion for Judgment on the Pleadings with a specific list of alterations and/or modifications to ameliorate the violations alleged in Paragraph 22 of the Complaint that it deems to be 'readily achievable'"; and (2) Plaintiff to supplement his Response to the Motion, "should he disagree such measures identified by Defendant are insufficient to address the violations of the Americans with Disabilities Act as alleged in Paragraph 22 of the Complaint." [*Id.*]. Defendant's supplement was due April 1, 2022, and Plaintiff's supplement was due April 22, 2022. *See* [*id.*].

Defendant filed its supplement to the proposed Order on the Motion on March 31, 2022. *See* [Doc. 31; Doc. 31-1 ("Supplemental Proposed Order" and, together with the initial proposed order, the "Collective Proposed Order")]. Therein, Defendant states that it "shall, by December 31, 2022, remove all of the barriers to accessibility identified in Paragraph 22 of Plaintiff's Complaint" and then lists each modification that it intends to make. *See* [Doc. 31-1 at 2–5]. On April 22, 2022, the day Plaintiff's supplemental response was due, Plaintiff sought a 14-day extension of time to supplement his response. *See* [Doc. 32]. Plaintiff represented that the Parties had coordinated a Rule 34 inspection of Defendant's property for April 28, 2022, and therefore

additional time was required to "allow Plaintiff and his counsel an opportunity to inspect the premises with Plaintiff's expert and receive Plaintiff's expert report." [*Id.* at ¶ 10]. Plaintiff stated the expert's report would "allow Plaintiff to substantively address the issues surrounding the remediation proposed by Defendant." [*Id.*]. The court subsequently granted Plaintiff's request, thus making Plaintiff's supplemental response due May 6, 2022. *See* [Doc. 34].

On May 6, 2022, Plaintiff filed his Supplemental Response in Opposition to Defendant's Motion for Judgment on the Pleadings ("Supplemental Response"). *See* [Doc. 35]. Therein, Plaintiff stated that his "expert's inspection report is not yet ready but will contain a detailed remediation plan as to the barriers alleged in the Complaint." [*Id.* at 1]. Plaintiff also explained that he "expects that the expert's report will be ready within thirty (30) days of the inspection and Plaintiff can supplement his response further at that time with additional details and a substantive remediation plan that will include the precise actions to be taken in order to resolve all the barriers to access listed in Plaintiff's Complaint." [*Id.*]. Further, Plaintiff objected to Defendant's Supplemental Proposed Order, arguing that Defendant

> fails to include any details of the remediation plan. The supplement merely restates the violations listed in Plaintiff's Complaint and vaguely alleges that Defendant will remedy the violation, but provides no details as to *how* Defendant intends to do so beyond general statements that it will remedy the violation, without including any details as to how it intends to do so.

[*Id.* at 2]. A Status Conference is currently set for June 13, 2022. *See* [Doc. 36].

## LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) may be filed only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). A Rule 12(c) Motion is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009). But the court considers a broader factual record when evaluating a Rule 12(c) motion; the court is not limited to the well-

pled allegations contained in the Complaint but instead considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011); *see also Hall v. D.C.*, 867 F.3d 138, 152 (D.C. Cir. 2017) ("A Rule 12(c) motion considers the defendants' answers together with the complaint...."); *Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) ("In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits."). The Court accepts all of Plaintiff's well-pleaded allegations as true, views those allegations in the light most favorable to the non-moving party, and additionally affords the non-movant all reasonable inferences from those allegations. *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012).

A court should not grant a Rule 12(c) motion unless "the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Ciber, Inc. v. ACE Am. Ins. Co.*, 261 F. Supp. 3d 1119, 1125 (D. Colo. 2017) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)). A motion for a judgment on the pleadings "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright et al., Federal Practice & Procedure § 1367 (3d ed., Apr. 2019 update). Additionally, a party may raise arguments that could be made in a motion under Rule 12(b)(6) in a motion under Rule 12(c). Fed. R. Civ. P. 12(h)(2).

## ANALYSIS

Because Defendant has admitted all of the allegation in Plaintiff's Complaint—apart from the allegations that "Plaintiff's counsel needs to be present or play any role in overseeing the

removal of barriers to accessibility at Defendant's property" and that Plaintiff is entitled to an inspection of the property, *see* [Doc. 8 at ¶¶ 23–24, 27]—Defendant argues that there are no material issues of fact to be resolved and thus the court may enter judgment in Plaintiff's favor based on the pleadings alone. *See* [Doc. 10 at 1, 4–5]. Defendant wishes to end this matter and limit attorney's fees and costs. [*Id.* at 1–2]. In addition, Defendant asserts that after the court enters judgment, the court can determine "how much, if anything, opposing counsel should be awarded for his fees and costs . . ." [*Id.* at 1]. As mentioned above, Plaintiff opposes the Motion. *See* [Doc. 16]. The court will address Plaintiff's objections in turn below.

## I.      Injunctive Relief under the ADA

Title III of the ADA mandates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [and] facilities . . . of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). It specifically identifies "a failure to remove architectural barriers . . . where such removal is readily achievable" as a form of impermissible discrimination. 42 U.S.C. § 12182(b)(2)(A)(iv). "Readily achievable," in turn, is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* at § 12181(9); *see also Colo. Cross Disability Coal. v. Hermanson Family Ltd. P'ship*, 264 F.3d 999, 1002 (10th Cir. 2001) (listing relevant factors). Pursuant to 42 U.S.C. § 12188(a)(2), in the case of such discrimination, "injunctive relief shall include an order to alter facilities readily accessible to and usable by individuals with disabilities to the extent required by [the ADA]."

## II.      Plaintiff's Objections

Plaintiff first objects to the Motion on the basis that Defendant's Offer of Judgment was deficient because it "failed to concretely identify any remediation plan and contain[ed] conditional

language" and "fail[ed] to adequately address the issue of attorney's fees."  [Doc. 16 at 1 (citing *Scheriff v. Beck*, 452 F. Supp. 1254, 1256 (D. Colo. 1978))].  Assuming Plaintiff is correct that the Offer of Judgment was deficient because it was ambiguous or did not address the issues identified by Plaintiff, Plaintiff makes no argument for how an inadequate offer of judgment, which was withdrawn because Plaintiff did not accept it, could preclude judgment on the pleadings.  *See* Fed. R. Civ. P. 68(b) ("An unaccepted offer is considered withdrawn, but it does not preclude a later offer.").  As the Honorable Philip A. Brimmer recently explained in a case with facts that are nearly identical to those in this action, "if an unaccepted complete offer of judgment does not moot the dispute, it is not clear how a deficient offer of judgment . . . could impact the litigation or preclude judgment on the pleadings." *Meggs v. Colorado Hospitality Group, LLC*, No. 21-cv-02971-PAB-NRN, 2022 WL 1810597, at *4 (D. Colo. June 2, 2022).

Second, Plaintiff argues that Defendant's initial proposed order affords Plaintiff insufficient relief because Defendant has only offered to "complete the remediations it alone deems to be readily achievable" yet Defendant "provides no expert report detailing which barriers it has determined are not readily achievable, nor does Defendant identify which barriers it currently believes are not readily achievable."  [Doc. 16 at 2 (emphasis omitted)]; *see also* [*id.* at 3 ("Defendant has only agreed to remediate the, as of yet unidentified, barriers that it and it alone decides are readily achievable.")].  Plaintiff insists that "Defendant is simply attempting to force Plaintiff into a settlement" and "[i]f taken to its logical conclusion, Defendant could determine that none of the barriers' removal is readily achievable" to avoid making any of the remediations at issue.  [*Id.* at 3].[3]  Defendant argues that the initial proposed order "mirror[s] the scope and

---

[3] Plaintiff also argues he is entitled to a Rule 34 inspection of the subject property, claiming such inspection "would allow [him] to more meaningfully confer with Defendant on the barriers at issue, and perhaps globally resolve this case without the need for protracted litigation."  [*Id.* at 5].

language of Plaintiff's request for relief" and states that, if Defendant had not filed a responsive pleading, and instead "this case went to a default hearing, an injunction would presumably have been entered using the exact language requested in the Complaint." [Doc. 21 at 3–4].

Plaintiff provides no authority that a proposed order—which the Local Rules do not require, *see* D.C.COLO.LCivR 7.1(g) ("A moving party *may* submit a proposed order with an unopposed motion or nondispositive motion." (emphasis added))—could bind the court in fashioning relief after granting a motion for judgment on the pleadings or could preclude the entry of judgment on the pleadings. *See Meggs*, 2022 WL 1810597, at *4. As noted above, Plaintiff's Complaint seeks (1) a declaratory judgment that Defendant is in violation of the ADA; (2) an injunction against Defendant and an order that Defendant "make all readily achievable alterations to the facilities" or "make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA" and "make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities" so that "no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services"; and (3) attorneys' fees, costs, and litigation expenses. [Doc. 1 at 11]. The Collective Proposed Order in turn provides that: (1) Defendant is in violation of Title III of the ADA, [Doc. 10-2 at 1]; (2) "Defendant shall, by December 31, 2022, remove all of the barriers to accessibility identified in Paragraph 22 of Plaintiff's Complaint" and then lists each such modification that it intends to make, [Doc. 31-1 at 2–5]; and (3) "[t]he parties may apply to the Court for reimbursement of their reasonable attorneys' fees and costs", [*id.* at 6]. Thus, the Complaint's prayer for relief and the

---

However, plaintiff conducted such an inspection after Defendant filed the Motion. *See* [Doc. 35 at 1].

Collective Proposed Order are largely identical, except the Collective Proposed Order leaves the issue of fees and costs to the court.[4]

Third, Plaintiff argues that Defendant does not address all the issues in the Complaint as "[t]here is no indication in either the Offer [of Judgment]" or the instant Motion "as to *which* remediation Defendant actually intends to undertake." [Doc. 16 at 4–5 (emphasis in original)]. But Plaintiff never asked in his Complaint for Defendant to describe precisely what construction projects or repairs it will take to come into compliance with the ADA. Notably, Plaintiff's Supplemental Response does not appear to disagree the measures identified by Defendant in the Supplemental Proposed Order sufficiently address the violations of the ADA as alleged in Paragraph 22 of the Complaint. *See* [Doc. 35]. Rather—despite Defendant's representations to the court that it willingly seeks an order mandating that it remediate "all of the barriers" to be ADA compliant before the end of this calendar year, *see* [Doc. 31-1 at 1]—Plaintiff appears to be concerned solely with precisely *how* Defendant intends to accomplish that goal. *See* [Doc. 16;

---

[4] In addition, Plaintiff's argument that the relief specified in the proposed order would only remediate barriers that Defendant "alone deems to be readily achievable" fails for two reasons. First, Defendant's Supplemental Proposed Order confirms that Defendant intends to remediate all the barriers identified by Plaintiff in the Complaint. Second, notwithstanding the Supplemental Proposed Order, Plaintiff misunderstands the "readily achievable" standard under Title III ADA. In an ADA Title III case, the "[p]laintiff must initially present evidence tending to show that the suggested method of barrier removal is readily achievable under the circumstances." *Colo. Cross Disability Coal. v. Hermanson Fam. Ltd. P'ship I*, 264 F.3d 999, 1002 (10th Cir. 2001). If the plaintiff does so, then the defendant bears the ultimate burden of persuasion that barrier removal is not readily achievable under subsection (iv)." *Id.* Thus, the contention that removal of a barrier is not "readily achievable" functions as an affirmative defense. *See id.* at 1003 ("Placing the burden of persuasion on [d]efendant to prove the affirmative defense that barrier removal is not readily achievable is consistent with the remaining subsections of Title III."). Here, Defendant has conceded the barriers on its property are removable, and such remediations are readily achievable. *See* [Doc. 8; Doc. 10; Doc. 31-1]. Thus, the issue of whether the remediations are "readily achievable" does not appear relevant to the present dispute. "Nor does it prevent the court from entering judgment based on the pleadings." *Meggs*, 2022 WL 1810597, at *5.

Doc. 35].[5]   However, like the plaintiff in *Meggs* who made a similar argument regarding the defendant's failure to "articulate[] exactly what actions or remediations it plan[ned] to undertake[,]'" *Meggs*, 2022 WL 1810597, at *5, Mr. Cuesta fails to provide "any authority that a declaratory judgment that a defendant has violated the ADA . . ., or an order that the defendant comply with the ADA . . . by making readily achievable removal of barriers, would require the Court to approve a defendant's construction plan." *Id.*

Mr. Cuesta has provided no persuasive argument for why judgment on the pleadings in this case is not warranted, as Defendant has admitted every material allegation in the Complaint and Plaintiff never requested that the court pre-approve Defendant's plans to "remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *See Colo. Cross Disability Coal.*, 264 F.3d at 1002 (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)).

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that:

(1)    Defendant's Motion for Judgment on the Pleadings [Doc. 10] be **GRANTED**;[6] and

---

[5] Indeed, Plaintiff initially opposed the Motion on the grounds that Defendant failed to sufficiently identify which remediations it claimed were readily achievable.  See [Doc. 16 at 3].  And then, after Defendant clarified that it intends to "remove all of the barriers to accessibility identified in Paragraph 22 of the Complaint", [Doc. 31-1 at 1], Plaintiff opposed the Motion on the basis that Defendant "provides no details as to *how* Defendant intends to do so beyond general statements that it will remedy the violation, without including any details as to how it intends to do so." [Doc. 35 at 2 (emphasis in original)]; see also [*id.* (arguing "Defendant has provided Plaintiff with no detailed plan on how it allegedly intends to accomplish" the proposed remediations)].  Thus, it appears that Defendant's Supplemental Proposed Order resolved Plaintiff's initial objections regarding the lack of specificity as to which barrier remediations Defendant believes to be readily achievable—that is, all of them.

[6] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation

(2)     An order finding judgment in favor of Plaintiff and against Defendant be entered to include the following:

    a.   Defendant is in violation of Title III of the Americans with Disabilities Act;

    b.   Defendant shall, within 12 months of the order, make all readily achievable alterations to the facility, or make the facility readily accessible to and usable by individuals with disabilities to the extent required by law, as outlined in Defendant's Supplemental Proposed Order, *see* [Doc. 31-1];

    c.   Defendant shall make reasonable modifications in policies, practices, and procedures as necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities and shall take such steps as necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

    d.   Plaintiff is awarded his costs and may file a bill of costs with the Clerk of Court within 14 days of the order in accordance with Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

---

must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    e.  Plaintiff is entitled to attorney's fees under 42 U.S.C. § 12205 and shall file a motion for attorney's fees pursuant to D.C.COLO.LCivR 54.3 within 21 days of the order.

**IT IS FURTHER ORDERED** that:

(1)    The Status Conference set for June 13, 2022 is **VACATED**, to be reset if appropriate.

DATED: June 8, 2022                BY THE COURT:

                                              Nina Y. Wang
                                              United States Magistrate Judge