IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-03092-RM-SKC

CARLOS CUESTA,

    Plaintiff,

v.

DTC LODGING LLC d/b/a Days Inn by Wyndham Englewood Denver Tech Center,

    Defendant.

---

## ORDER

---

    Before the Court is the Recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 43) to grant Defendant's Motion for Judgment on the Pleadings (ECF No. 10). For the reasons below, the Court accepts the Recommendation, which is incorporated into this Order by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    As set forth in greater detail in the Recommendation, Plaintiff filed this lawsuit asserting a single claim for failure to accommodate under the Americans with Disabilities Act ("ADA") and seeking declaratory and injunctive relief and attorney fees and costs.  Defendant responded with an Offer of Judgment, stating that it would "identify mobility accessibility features at is hotel property that do not comply with the 2010 Standards of Accessibility Design and . . . . remove those barriers to the extent that such removal is readily achievable." (ECF No. 10-1 at 2.)  After Plaintiff rejected the Offer, Defendant filed its Answer, admitting all the material allegations in the Complaint, and its Motion, seeking judgment against itself pursuant to Fed. R.

Civ. P. 12(c).  The Motion was referred to the magistrate judge for a Recommendation.  (ECF No. 15.)

In his Response (ECF No. 16), Plaintiff objects that the Motion fails to address all material issues of fact and to completely address all the issues raise in the Complaint.  After supplemental briefing on Defendant's Proposed Order, the magistrate judge issued the Recommendation, addressing Plaintiff's various objections and recommending that the Proposed Order be entered.  The Recommendation advised the parties that specific written objections were due within fourteen days after being served a copy of the Recommendation.  That deadline passed without a response from any party.

"In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

The Court discerns no error on the face of the record and agrees with the magistrate judge's analysis of the issues presented in Defendant's Motion.  *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

Accordingly, the Recommendation (ECF No. 25) is ACCEPTED, and the Motion (ECF No. 10) is GRANTED.

The Court further finds and ORDERS as follows:

(1)     Defendant is in violation of Title III of the ADA;

(2) Defendant shall, within twelve months of this Order, make all readily achievable alterations to the facility, or make the facility readily accessible to and usable by individuals with disabilities to the extent required by law, as outlined in Defendant's Supplemental Proposed Order (ECF No. 31-1);

(3) Defendant shall make reasonable modifications in policies, practices, and procedures as necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities and shall take such steps as necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(4) Plaintiff is awarded his costs and may file a bill of costs with the Clerk within fourteen days of this Order in accordance with Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

(5) Plaintiff is entitled attorney fees under 42 U.S.C. § 12205 and may file a motion for attorney fees pursuant to D.C.COLO.LCivR 54.3 within twenty-one days of this Order.

DATED this 9th day of August, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge