IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-03092-RM-SKC

CARLOS CUESTA,

    Plaintiff,

v.

DTC LODGING LLC d/b/a Days Inn by Wyndham Englewood Denver Tech Center,

    Defendant.

---

**ORDER**

---

    Before the Court is Plaintiff's Motion for Attorney Fees and Costs.  (ECF No. 51.)  Defendant has filed a Response.  (ECF No. 53.)  Plaintiff has not filed a Reply.  Upon consideration of the Motion and the applicable rules, statutes, and case law, the Motion is granted in part and denied in part.

**I.**    **BACKGROUND**

    Plaintiff filed this lawsuit asserting a single claim for failure to accommodate under the Americans with Disabilities Act and seeking declaratory and injunctive relief and attorney fees and costs.  Defendant responded with an Offer of Judgment, stating that it would "identify mobility accessibility features at its hotel property that do not comply with the 2010 Standards of Accessibility Design and . . . . remove those barriers to the extent that such removal is readily achievable."  (ECF No. 10-1 at 2.)

After Plaintiff rejected the Offer, Defendant filed its Answer, admitting all the material allegations in the Complaint, and its Motion for Judgment on the Pleadings (ECF No. 10), seeking judgment against itself pursuant to Fed. R. Civ. P. 12(c).  The Motion was referred to the magistrate judge for a Recommendation.  (ECF No. 15.)  After supplemental briefing on Defendant's Proposed Order, the magistrate judge issued the Recommendation, addressing Plaintiff's various objections to the Proposed Order and recommending that it be entered.  No party objected to the Recommendation, and the Court summarily adopted it and granted Defendant's Motion, incorporating the Proposed Order into its August 9, 2022 Order.  (ECF No. 45.)

In the Order, the Court ruled that Plaintiff was entitled to attorney fees under 42 U.S.C. § 12205.  Accordingly, the reasonableness of the fees and costs requested is the only remaining issue.

## II.     LEGAL STANDARD

To determine the reasonableness of a fee request, the Court begins by calculating the lodestar amount of the fee.  *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  This is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Id.*

## III.    ANALYSIS

Plaintiff requests nearly $12,000 in fees covering the period from his initial conference with his counsel through counsel's preparation of the present Motion.  But from the Court's perspective, this case should have proceeded no further once Defendant admitted all the material allegations in the Complaint and requested entry of judgment against itself.  From that point on, Plaintiff's unreasonable refusal to accept victory unnecessarily prolonged this litigation.

Accordingly, the Court will accept the proposed hourly rates for Plaintiff's counsel and paralegal ($450 and $150, respectively) but award only those fees incurred through counsel's review of Defendant's Motion for Judgment on the Pleadings: $4,065.00.

Plaintiff also seeks an expert fee of $12,000. However, the Court finds the one-page invoice wholly inadequate to support such a fee. (*See* ECF No. 51-3.) It includes an eight-hour entry for "Preparation of Affidavit, Declaration and Cover Letter" without any explanation. (*Id.*) Nor does Plaintiff attempt to refute Defendant's contention that it was unnecessary to fly his expert roundtrip from Florida to Denver twice because a comparable report could have been obtained locally for around $750. Therefore, the Court declines to award the expert fee.

## IV. CONCLUSION

Plaintiff's Motion (ECF No. 51) is granted in part and denied in part, as stated in this Order, and Plaintiff is awarded $4,065 in attorney fees as the prevailing party in this matter.

DATED this 11th day of October, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge